FILED
JAN 2 4 2006
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | No. C05-04531 MJJ |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| MARTIN ET AL, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant P.M. Tamkin's ("Defendant") Motion to Dismiss.[1] This motion is opposed by JPMorgan Chase Bank, N.A. ("Plaintiff"). For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss, but **GRANTS** Plaintiff leave to amend the Complaint. Any amendments must be made within ten days of the filing of this order.

## FACTUAL BACKGROUND

According to the Complaint, on August 20, 2001, Plaintiff JPMorgan loaned Defendant Martin $26,000,000 pursuant to a credit agreement. On June 7, 2005, JPMorgan sent a letter to Defendant demanding that the outstanding amount of the debt be paid in full by June 13, 2005. Martin defaulted on the loan, and pursuant to the terms of the credit agreement, JPMorgan sued Martin in New York state court for breach of contract, seeking damages in the amount of Martin's

---

[1] Docket No. 22, Filed November 21, 2005.

indebtedness (the "New York Action"). On October 12, 2005, the New York state court entered a judgment in favor of JPMorgan in the amount of $26,901,361.47.

On October 13, 2005, JPMorgan filed an "Application for Entry of Judgment on Sister-State Judgment" in San Francisco Superior Court, seeking to enforce the New York Judgment in California. On October 19, 2005, the San Francisco Superior Court issued a judgment in favor of JPMorgan, and notice of entry of the judgment was filed on October 25, 2005.

On October 14, 2005, Tamkin, alleged to be Martin's sister and the trustee of the Martin Family Trust, filed a suit against Martin seeking $8,187,504.01 based upon breach of contract by Martin ("Tamkin Action"). A week later, on October 20, 2005, Tamkin and Martin stipulated to a judgment against Martin in the Tamkin Action. On October 27, 2005 judgment was entered against Martin in the Tamkin Action in the amount of $8,539,347.55, and on October 28, 2005, Tamkin filed a lien based upon the Tamkin Judgment.

On November 7, 2005, Plaintiff filed this action, alleging fraudulent transfer on the part of Defendants. Defendants filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Under the Federal Rule of Civil Procedure's notice pleading regime, a complaint requires only a short, plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). However, although the notice pleading hurdle is low, claims must still "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (U.S. 1957). Plaintiff's complaint is ambiguous as to the grounds upon which it rests, and is therefore insufficient. This ambiguity is evidenced by the Parties' dispute as to whether Plaintiff is asserting a claim for fraud under California law or a claim for fraudulent transfer pursuant

to some other state or federal statute. Plaintiff states in its opposing papers that its claim is based upon the Uniform Fraudulent Transfer Act ("UFTA"). However, nowhere in Plaintiff's Complaint does Plaintiff state this, and Plaintiff's assertion in its moving papers is insufficient to meet Rule 8(a)'s pleading requirements. Rule 8(a) mandates that the grounds for relief be clearly stated in the complaint. The fact that Defendant displays uncertainty in its moving papers as to the claims alleged illustrates that Defendant was not properly on notice. Accordingly, the Court must dismiss the Complaint, granting Plaintiff leave to amend the Complaint to clarify the legal basis for Plaintiff's fraudulent transfer claim.[2]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice, and **GRANTS** Plaintiff leave to amend the Complaint pursuant to this order. Any amendment must be made within ten days of the filing of this order. Defendant may re-file its motion to dismiss following Plaintiff's amendment.

**IT IS SO ORDERED.**

Dated: January 24, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[2] Since the Court cannot determine from the face of the Complaint the precise grounds upon which Plaintiff's claims are based, the Court cannot reach the merits of the arguments presented in Defendant's moving papers.